HENRY G. THRESHER *et al. vs.* THE CUDDY-GARDNER CO. *et al.*

MARCH 22, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

**176**

SWEENEY, J.   This bill in equity is before the court on complainants' appeal from a decree dismissing the bill after respondents' demurrer to the bill had been sustained. Complainants claim that the decree is against the law and that the demurrer should have been overruled.

The bill is brought by three shareholders of the Cuddy-Gardner corporation against the corporation itself and two shareholders therein.   Complainants seek to enjoin respondents from violating certain provisions of a written agreement executed December 16, 1912.   This agreement was signed by Henry G. Thresher and several other persons, and by the two individual respondents.   Respondents demurred to the bill on several grounds, two of them being for the improper joinder of complainants and respondents because the bill showed that the complainants, other than Henry G. Thresher, had not signed the agreement.   The court correctly sustained the demurrer on this ground.   Persons without interest are not proper parties complainant or respondent.   21 C. J. 261.

The respondent corporation is not bound by the agreement made by the individual respondents.   It is not alleged in the bill that the corporation in any way, expressly or impliedly, ratified the agreement.   An agreement made between individuals, even though they may be shareholders in a corporation, is not binding upon the corporation.   As a general rule a person who is not a party to a contract will not be enjoined from violating it.   32 C. J. 198.   The trial court also sustained the demurrer on the grounds that the agreement and a voting trust made to carry out its provisions were not enforceable.

Complainants argue in their brief that even though two of the complainants, the respondent corporation and the allegations relating to the voting trust be stricken from the bill, the remaining allegations entitle complainant Henry G. Thresher to an injunction against the individual respondents, Cuddy and Gardner. This argument will be considered in connection with the demurrers of the individual respondents on the ground that complainants are not entitled to an injunction.

The bill alleges the agreement provided that respondents Cuddy and Gardner "were to purchase the shares of stock in the Taft Machine Co. belonging to Henry G. Thresher and other signing shareholders, upon the terms and conditions therein set forth." The agreement does not support this allegation. The preamble of the agreement states that the purchasers, Cuddy and Gardner, "desire to acquire" and the vendors, Thresher and others, "are willing to sell" their shares in the capital stock of the Taft Machine Co. owned by the vendors "upon the terms and conditions hereinafter set forth." The agreement does not state that Cuddy and Gardner agreed to buy complainants' stock or that complainants agreed to sell. It only states that the articles of association of the Taft Machine Co. shall be amended so as to contain a provision for the redemption of the preferred stock proposed to be issued and exchanged for the stock then held by complainants. This amendment would not require the corporation to redeem its preferred stock.

The agreement provided that the corporate name of the Taft Machine Co. be changed to that of The Cuddy-Gardner Co. It also provided that the capital stock of the Taft Machine Co. would consist of 500 shares of preferred stock and fifty shares of common stock. The preferred stock was to be issued to the then shareholders, Thresher and others, in exchange for their stock. The common stock was to be issued to Cuddy and Gardner in full payment for all the assets of the business then conducted under the name of The Cuddy Mfg. Co.

It was also agreed that Cuddy and Gardner were to deposit the common stock issued to them with some trust company under a voting trust agreement. This trust agreement was to provide, among other things, for the accumulation and maintenance of a net surplus of $7,500; that this surplus might be used for the payment of dividends on the preferred stock but not on the common stock and that no executive officer or director of the company should receive any compensation for services when any dividend on the preferred stock was in arrears or when the net surplus was in arrears or impaired.

In performance of this agreement, January 22, 1913, the name of the Taft Machine Co. was changed to that of the Cuddy-Gardner Co.; the stock was issued and the 50 shares of common stock issued to respondents Cuddy and Gardner were deposited with a trust company under a voting trust agreement which contained the above mentioned provisions, This agreement also provided that the common stock would not be voted in favor of any proposition which would violate the obligations of Cuddy and Gardner contained in the trust agreement. The respondent corporation was not a party to this trust agreement.

The bill further alleges that from 1913 until January 1, 1931, dividends on the preferred stock were paid each year; that the surplus fund was accumulated and maintained; and that during this period, Cuddy and Gardner were the executive officers of the corporation and received large salaries for their services. It is also alleged that in 1931 no dividends were paid on the preferred stock and that no salaries were paid to Cuddy and Gardner.

At the annual meeting of the respondent corporation held January 13, 1932, a resolution was passed recommending to the directors that dividends for 1931 and 1932 be paid out of the surplus fund and that salaries of $150 per month be paid to Cuddy and Gardner during these two years for their services in carrying on the business of the company; and suspending so much of the agreement dated December 16,

1912 and the voting trust agreement dated January 31, 1913 as were inconsistent with said vote. At this meeting the preferred shareholders as well as the common shareholders voted. The shares of the complainants were voted against said resolution.

Complainants allege that this resolution violates their rights under said agreement and voting trust and pray that the corporation be enjoined from paying Cuddy and Gardner salaries for the years 1931 and 1932 and that they be enjoined from receiving such salaries.

The trial court ruled that the agreement which was made by several persons, two of whom were not shareholders in the corporation, was not binding upon these two persons in their dealings with the corporation when they became shareholders therein, nor upon the corporation itself.

The corporation was not a party to the agreement and therefore was not bound by it. This court has said that a corporation cannot avail itself of an agreement to which it is not a party, unless it has subsequently ratified it. *Ireland* v. *Globe Milling & Reduction Co.*, 20 R. I. 190, 196. A corporation is authorized by statute to appoint such agents as its business requires and to fix their compensation. §3470 (d), G. L. 1923. For several years Cuddy and Gardner successfully conducted the corporation business. They were under no contract with the corporation to work for it without compensation. It appears in the bill that the salaries which were proposed to be paid to Cuddy and Gardner are much lower than those formerly paid to them. The proposed salaries are not alleged to be excessive. The preferred shareholders evidently wished to have Cuddy and Gardner continue to manage the corporate business rather than engage new agents for that purpose. It is admitted that the resolution was duly passed by a majority vote of the preferred shareholders. As the corporation acted within its powers, the Superior Court did not err in denying complainants' prayer for an injunction.

The appeal is denied and dismissed, the decree appealed from is sustained and the cause is remanded to the Superior Court for further proceedings.

*Frederick A. Jones*, for complainants.